IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JANICE BROADY (DAVIS), | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MID-SOUTH TRANSPORTATION | ) |
| MANAGEMENT, INC., MEMPHIS | )    No. 2:22-cv-02069-JTF-atc |
| AREA TRANSIT AUTHORITY, | ) |
| THOMAS DAVISON, | ) |
| GARY ROSENFELD, | ) |
| and JIMMY STRICKLAND, | ) |
| | ) |
|    Defendant. | ) |

**ORDER GRANTING DEFENDANT GARY ROSENFELD'S MOTION TO DISMISS**

Before the Court is Defendant Gary Rosenfeld's Motion to Dismiss, filed on April 21, 2022. (ECF No. 29.) Plaintiff Janice Broady filed a Response on April 22, 2022. (ECF No. 30.) For the below reasons, the Motion to Dismiss is **GRANTED.**

      **I.**      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff's Amended Complaint asserts gender discrimination claims under Title VII and age discrimination claims under the Age Discrimination in Employment Act ("ADEA"). (ECF No. 19.) Broady's Amended Complaint states no facts regarding this discrimination, but her original complaint provided a brief narrative of facts that the Court will consider given her *pro se* status. (ECF No. 1-3, 2.)

Broady was a bus driver for defendant Memphis Area Transit Authority ("MATA") for ten years. (*Id.*) On April 12, 2021, she was involved in an accident after being unable to stop at a red

light, which she asserts was due to the mechanical failure of the bus's breaks. (*Id.*) Broady had also driven a different bus earlier that day that had been replaced due to a break down. (*Id.*) However, MATA determined that the accident was Broady's fault after an investigation and terminated her. (*Id*. at 3.)

Broady asserts that she was wrongfully terminated and that her union refused to represent her.[1] (*Id.*) She also states that other male drivers have had accidents and not been terminated, including one driver named "Mill" who has been at fault for multiple accidents. (*Id.*) Broady filed the present suit on February 7, 2022, after receiving a right to sue letter from the Equal Employment Opportunity Commission on December 30, 2021. (ECF No. 1.) In her amended complaint, Broady identified Rosenfeld as the "ECO" of either MATA or defendant Mid-South Transportation Management, Inc. while adding him as a defendant. (ECF No. 19, 2.) Rosenfeld filed the present motion on April 21, 2022, arguing that Title VII and the ADEA do not allow Broady to sue any individual managers, officers, or employees of a company. (ECF No. 29-1.) Broady responded on April 22, 2021, arguing that Rosenfeld is liable to her for breach of contract due to violations of the terms of her employment. (ECF No. 30.)

## II.     LEGAL STANDARD

Rosenfeld seeks to be dismissed from the lawsuit pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (The court must "construe the complaint in the light most

---

[1] The Union has since been voluntary dismissed from the case. (ECF No. 50.)

2

favorable to the plaintiff and accept all allegations as true."). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In other words, although the complaint need not contain detailed facts, its factual assertions must be substantial enough to raise a right to relief above a speculative level. *Ass'n of Cleveland Fire Fighters v. City of Cleveland,* 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). However, "'naked assertions devoid of further factual enhancement' contribute nothing to the sufficiency of the complaint." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). Determining whether a complaint states a plausible claim is "context-specific," requiring the Court to draw upon its experience and common sense. *Iqbal*, 556 U.S. at 679. Defendants bear the burden of "proving that no claim exists." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 433 (6th Cir. 2008).

While the Court's decision to grant or deny a motion to dismiss "rests primarily upon the allegations of the complaint, 'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint [] also may be taken into account.'" *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). *Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). However, *pro se* litigants must adhere to the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Also, the court cannot create a claim that has not been spelled out in a pleading. *Brown v. Matauszak*, 415 Fed. App'x 608, 613 (6th Cir. 2011); *Payne v. Sec'y of Treas.*, 73 Fed. App'x 836, 837 (6th Cir. 2003).

### III. LEGAL ANALYSIS

Rosenfeld only argues that Title VII and the ADEA do not allow suits against managers, supervisors, or other individuals employed by companies. In *Wathen v. General Elec. Co.*, the Sixth Circuit held that "Title VII's remedial provisions are incompatible with the imposition of liability on individual employees for violations of the act." 115 F.3d 400, 406 (6th Cir. 1997); *see also Dale v. City of Paris*, No. 5: 20-324-DCR, 2020 WL 7634162, at *4 (E.D. Ky. Dec. 22, 2020) (applying *Wathen*). The Sixth Circuit has also held that "sister civil rights statutes" similar to Title VII do not support liability against a supervisor or manager in their individual capacity. *Hiler v. Brown*, 177 F.3d 542, 546 (6th Cir. 1999) (citing cases finding no individual liability under Title VII, the Rehabilitation Act, the Americans with Disabilities Act, and the ADEA). As "the ADA, ADEA, and the Rehabilitation Act borrowed the definition of 'employer' from Title VII," this holding applies to claims under all these laws. *Id.* at 545, n. 5. Broady cannot assert claims under Title VII and the ADEA against Rosenfeld, nor any individual, in their individual capacity.

Broady argues in her response that she is instead asserting a breach of contract claim against Rosenfeld due to breaches of an employment contract. After examining both the complaint and the amended complaint, the Court does not find that Broady has adequately plead a breach of contract claim against Rosenfeld. At no point is such a claim explicitly stated and the facts Broady asserts do not support one. Broady's narrative does not claim that she had an employment contract and does not state the terms of any contract. *Tolliver v. Tellico Village Property Owners Association*, 579 S.W.3d 8, 25 (Tenn. Ct. App. 2019) (prima facie case of breach of contract in Tennessee requires alleging "the existence of an enforceable contract.") Even granting that she had an employment contract, it is unclear who that contract would be with, and unlikely that it would

be between Broady and Rosenfeld personally rather than Broady and her employer, the MATA.[2] Her description of the terms breached read instead as separate wage and hour and discrimination claims, which must be brought against her employer, not an individual. Broady has not stated any viable claims against Rosenfeld.

### IV.   CONCLUSION

For the above reasons, Rosenfeld's Motion to Dismiss the claims against him is hereby **GRANTED**. Broady's claims against Thomas Davison, MATA, Jimmy Strickland, and Midsouth Transportation Management are unaffected by this order.

**IT IS SO ORDERED** this 9th day of November 2022.

*s/ John T. Fowlkes, Jr.*
JUDGE JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE

---

[2] In her Response Broady does refer to a "Policy Agreement, dates [sic] as of July 22, 2015" by and between "the Company, IFC and GIF" and also mentions a "Shareholders Agreement." (ECF No. 30, 2.) These agreements are not mentioned in either complaint and Broady never alleges she had a contract with Rosenfeld.