IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **JANICE BROADY (DAVIS),** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:22-cv-02069-JTF-atc |
| ) | |
| **MID-SOUTH TRANSPORTATION** ) | |
| **MANAGEMENT, INC., MEMPHIS AREA** ) | |
| **TRANSIT AUTHORITY, and THOMAS** ) | |
| **DAVIDSON,** ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") on three dispositive motions filed by Defendants: Defendant Memphis Area Transit Authority's ("MATA") Motion for Summary Judgment, (ECF No. 80), Defendant Thomas Davidson's Motion to Dismiss, (ECF No. 82), and Defendant Mid-South Transportation Management, Inc.'s ("MTM") Motion to Dismiss, Alternatively for Summary Judgment, (ECF No. 83), all filed on February 17, 2023. Pursuant to Administrative Order 2013-05, these Motions were automatically referred to the Magistrate Judge for initial Report and Recommendation. Plaintiff Janice Broady filed a response to Davidson's motion on February 21, 2023, (ECF No. 84) and a joint response to MATA and MTM's motions on March 7, 2023, (ECF No. 89). Davidson replied on March 7, 2023, (ECF No. 88), and MATA and MTM filed separate replies on March 22, 2023, (ECF Nos. 90 & 91). Broady

1

filed further briefing without leave of Court and past all applicable deadlines on April 17, 2023, (ECF No. 93), which MATA and MTM responded to in kind on May 1, 2023, (ECF No. 94). The Magistrate Judge's Report and Recommendation was filed on July 26, 2023. (ECF No. 108.) Broady filed objections to the R & R on July 31, 2023. (ECF No. 110.) For the following reasons, the R & R is **ADOPTED**, and all of the Defendants' motions are **GRANTED**.

## I.    STANDARD OF REVIEW

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. *See* 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x. 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate judge's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2). A failure to file specific objections to a Magistrate Judge's report does not meet the requirement of filing an objection at all. *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir. 1991); *McCready v. Kamminga*, 113 Fed. App'x. 47, 49 (6th Cir. 2004). However, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes. The district court is not required to review, and indeed "should adopt[,] the findings and rulings of the Magistrate Judge to which no specific objection is filed." *Brown v. Bd. of Educ. of Shelby Cty. Sch.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

The standard of review that is applied by a district court when considering a magistrate judge's proposed findings and recommendations depends on the nature of the matter(s) considered by the magistrate judge. *See Baker v. Peterson*, 67 Fed. App'x 308, 310 (6th Cir. 2003) (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for non-dispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Where timely, specific objections are filed, the parts objected to are reviewed under a *de novo* standard. *Rugiero v. United States*, 330 F. Supp. 2d 900, 904 (E.D. Mich. 2004). Upon a review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). Again, a district judge should adopt the findings and rulings of the magistrate judge to which no specific objection under Fed. R. Civ. P. 72(b) is filed. *Brown*, 47 F. Supp. 3d at 674. An objection to a magistrate judge's report and recommendation that does nothing more than state a disagreement with the magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection, as required to preserve the right to appeal a subsequent order of the district court adopting the report. *J.A. v. Smith County School District*, 364 F. Supp. 3d 803, 811–12 (M.D. Tenn. 2019).

## II.   FINDINGS OF FACT

As the R & R deals entirely with dispositive motions, the R & R will be reviewed *de novo*. The Magistrate Judge's findings of fact are summarized below. Broady did not object to any of the facts contained within this summary. (ECF No. 110.)

MATA provides public transportation for the Memphis, Tennessee metropolitan area, with its bus services contracted out to MTM, a private corporation that manages and employs the drivers of MATA-branded buses. (ECF No 108, 5-6.) Plaintiff Janice Broady was employed by MTM as a MATA bus driver until her termination on June 1, 2021, the basis for which is the central dispute of this lawsuit. (*Id.* at 6.) MATA bus drivers like Broady are bound by a Discipline Code of Conduct that states "accidents classed as preventable could result in discharge if the nature of the accident indicates that there was gross negligence, extensive damage and/or serious injury." (*Id.*)

The underlying incident occurred on April 12, 2021, at approximately 8:00 pm. Broady was operating MATA bus Unit 424 and approached the intersection of Watkins Street and Chelsea Avenue in Memphis, Tennessee. (*Id.*) Unit 424 had eight cameras simultaneously filming both inside and outside the bus that captured the following events. (*Id.* at 7.) Video from all eight cameras was submitted to the Court and reviewed by the Magistrate Judge to provide the following description. The video shows Broady driving Unit 424 and approaching the intersection in a right-turn-only lane, with Unit 424's right of way stopped by a red traffic light. Unit 424 slows as it approaches the crosswalk with its brake lights illuminated. (ECF No. 108, 7.) The bus nearly stops, but then "accelerates straight through the intersection and through the red traffic signal," with the brakelights no longer illuminated and "the sound of the engine reflect[ing] acceleration." (*Id.* at 8.) The bus passes through roughly three quarters of the intersection's length before being struck by a red vehicle travelling along Chelsea Avenue. (*Id.* at 9.)

The video continues after the accident and into the initial response from police. (ECF No. 108, 9.) Once police responded and asked what had happened, Broady stated that the red vehicle had run a red light. (*Id.*) This is contradicted by the video, which shows a green light shift into yellow immediately before impact along the red vehicle's route. (*Id.*) Broady repeated that the red

4

vehicle had run a red light multiple times to at least two others, and also asked "passengers to confirm that the red vehicle ran the red light." (*Id.*) In her response to the Motions, Broady did not argue that the red vehicle had run a red light and instead claimed that the bus's breaks had failed. (*Id.* at 8.) Broady said nothing about the brakes at any point following the accident and no evidence in the record, "including a Supervisor's Accident Report, a police report, and medical records prepared when Broady was treated for her injuries," mentioned Unit 424's brakes failing. (*Id.* at 9.) MATA submitted maintenance records of Unit 424 dated within a week before the accident that show the brakes were in proper working order as well. (*Id.*) In light of this and given that the video demonstrated that the bus had accelerated, rather than rolled, into the intersection, the Magistrate Judge rejected the version of events Broady offered in her response.

The collision injured Broady, two bus passengers, and the driver and passenger of the red vehicle. (ECF No. 108, 10.) MATA and MTM prepared a Supervisor Report of the collision that determined there was "medium damage" to Unit 424. (*Id.*) Thomas Davidson, the Director of Transit Operations for MTM, was "tasked with determining whether the accident was preventable or not, for purposes of determining whether Broady should be terminated" under the Discipline Code of Conduct. (*Id.* at 7.) Davidson reviewed the video footage of the accident pulled from Unit 424 as part of the investigation. After reviewing the evidence, Davidson "determined that the collision was preventable," and when paired with the injuries and damage to the bus, "Davidson decided to terminate Broady's employment immediately as of June 1, 2021, pursuant to the Code[.]"[1] (*Id.* at 10.) Broady then filed a Charge of Discrimination with the EEOC on December

---

[1] Within Broady's objections, she states that Davidson "made the decision without getting my side of the accident," but this does not contradict any of the facts as presented. (ECF No. 110, 2.)

5

17, 2021, alleging age and gender discrimination. (ECF No. 108, 10.) This Charge resulted in a Right to Sue Letter, and Broady filed the present case on February 7, 2022. (ECF No. 1.)

### III.    CONCLUSIONS OF LAW

The Magistrate Judge began the conclusions of law by correctly noting the two legal standards that must be applied: the standards of Federal Rule of Civil Procedure 12(b)6) for Motions to Dismiss and Rule 56(a) for Motions for Summary Judgment. (ECF No. 108, 10-14.) The Magistrate Judge then addressed Davidson's Motion to Dismiss first.

The Magistrate Judge found that "Davidson's Motion to Dismiss should be granted, as Broady has failed to state any cognizable claims against him in her Amended Complaint." (*Id.* at 15.) This is because Broady's Amended Complaint only contains claims under Title VII and the Age Discrimination and Employment Act ("ADEA"), which cannot be used to hold an individual defendant liable. (*Id.*) (citing *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 406 (6th Cir. 1997); *Hiler v. Brown*, 177 F.3d 542, 546 (6th Cir. 1999)). The Magistrate Judge's conclusion is correct. These statutes do not allow for individual liability, and thus Broady's Amended Complaint fails to state a claim against Davidson.

Broady's objections focus exclusively on Davidson's Motion. She argues that Davidson did not follow the Union Contract between MTM and Amalgamated Transit Union Local 713 when determining that she should be terminated. (ECF No. 110, 1.) However, Broady's complaints regarding the collectively bargained termination process at MTM are irrelevant to claims brought under Title VII and the ADEA, which deal with unlawful discrimination in the workplace and not the enforcement of a collective bargaining agreement. Further, none of Broady's objections address the fact that Title VII and the ADEA do not allow for individual liability, and instead assign liability solely to the plaintiff's employer. Accordingly, the Magistrate Judge's

6

recommendation that Davidson's Motion to Dismiss should be granted is hereby **ADOPTED**, the Motion **GRANTED**, and the claims against Davidson **DISMISSED**.

The majority of the R & R is concerned with MATA and MTM's Motions for Summary Judgment. Broady did not object to any of the legal findings in this section.[2] Summary Judgment is only appropriate where "viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *Wilmington Tr. Co. v. AEP Generating Co.*, 859 F.3d 365, 370 (6th Cir. 2017). "The liberal pleading standard for *pro se* parties is inapplicable once a case has progressed to the summary judgment stage," as summary judgment does not rely on pleadings but instead on evidenced claims. *Almasri v. Valero Ref. Co. – Tenn., LLC*, No. 2:20-cv-02863-SHL-tmp, 2022 WL 895732, at *3 (W.D. Tenn. Feb. 18, 2022), *report and recommendation adopted*, 2022 WL 891842 (W.D. Tenn. Mar. 25, 2022) (citations and internal quotations omitted). Thus, "a properly supported motion for summary judgment will not be defeated by conclusory allegations, speculation, or unsubstantiated assertions," the non-moving party must cite to the record for each specific claim they believe demonstrates a genuine dispute of material fact. *Bradley v. Wal-Mart Stores E., LP*, 587 F. App'x 863, 866 (6th Cir. 2014) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The R & R disregards MATA's first argument for why summary judgment should be granted against them, which deals with whether they employed Broady under Title VII and the

---

[2] Broady's objections consist of two pages of argument addressing her claims against Davidson and specific statements contained in his and Susan Schubert's declarations. (ECF No. 110, 1-2.) Attached to the document are 306 pages of the record, mostly reflecting the maintenance history of Unit 424, the documentation regarding Broady's termination, and Broady's mental health records. However, Broady does not make specific citations to the record or address it in her arguments, and "a district court is not required to search the entire record to establish that it is bereft of a genuine issue of material fact." *Emerson v. Novartis Pharms. Corp.*, 446 F. App'x 733, 736 (6th Cir. 2011).

ADEA, and instead engages with their second, merits-based argument. MATA argues that "Broady cannot establish a prime facie case against MATA, nor can she rebut the legitimate, non-discriminatory reasons for the termination of her employment." (ECF No. 108, 15.) The Magistrate Judge correctly stated that Broady's case under Title VII and the ADEA relies solely on circumstantial evidence, meaning that her case must be evaluated "under the burden-shifting framework first set out in *McDonnell Douglas* and later modified by *Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248 (1981)." (*Id.* at 17.) This framework requires Broady to first demonstrate a *prima facie* case by showing that "(1) she was a member of a protected class; (2) she suffered an adverse employment action; (3) she was qualified for the position; and (4) she was replaced by someone from outside the protected class or was treated differently than similarly situated non-protected employees." (ECF No. 108, 18) (citing *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707-09 (6th Cir. 2006)). As the Magistrate Judge noted, MATA only disputes that Broady has met the fourth requirement, which requires Broady to identify a comparable employee who had "been subject to the same standards and ha[d] engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it," but who nevertheless received more favorable treatment. *Warren v. Hollingsworth Mgmt. Servs., LLC*, No. 22-1064, 2022 WL 18542504, at *4 (6th Cir. Dec. 19, 2022) (quoting *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998)). An important part of the comparison is "whether the individual who ultimately meted out the discipline to both individuals was the same." *Barry v. Noble Metal Processing, Inc.*, 276 F. App'x 477, 481 (6th Cir. 2008).

The Magistrate Judge found that Broady had not identified any similarly situated employee who had received more favorable treatment than her. The Magistrate Judge noted that Broady only

generally alleged that other drivers who had been in accidents were still working for MATA, but "has not shown that specific non-protected bus drivers were treated better after having as serious an accident as she did." (ECF No. 108, 20.) The failure to identify such a comparator led the Magistrate Judge to the conclusion that Broady had failed to make a prime facie case of discrimination under both Title VII and the ADEA, and she recommended that summary judgment be granted on these claims. Upon review, the Court agrees. Broady does not cite to any portion of the record where she identified an adequate comparator that could support a prima facie case. She makes general allegations regarding accidents but, as the Magistrate Judge found, "provides no details about those accidents, whether the drivers were non-protected, or whether they had the same supervisor." (*Id.*) Without such a comparator, Broady cannot make a prima facie case and cannot support her claims against MATA under Title VII and the ADEA. Accordingly, the Court hereby **ADOPTS** the Magistrate Judge's recommendation and **GRANTS** summary judgment on Broady's Title VII and ADEA claims.

The Magistrate Judge went on to note that, in the alternative where Broady had made a prima facie case, her claims would have nevertheless failed at steps two and three of the burden-shifting framework. Step two requires an employer to produce evidence of "legitimate nondiscriminatory reasons" why the employee suffered the adverse employment action. *Jackson v. VHS Detroit Receiving Hosp., Inc.*, 814 F.3d 769, 776 (6th Cir. 2016). The Magistrate Judge found that MATA had met this burden "by demonstrating that the reason it fired Broady was the seriousness of her accident and because the Code allowed for immediate termination for preventable accidents involving 'gross negligence, extensive damage and/or serious injuries.'" (ECF No. 108, 21) (quoting (ECF No. 81 ¶¶ 20-21)). This burden is low and "merely a burden of production." *Upshaw v. Ford Motor Co.*, 576 F.3d 576, 585-86 (6th Cir. 2009). The Court agrees

with the Magistrate Judge that MATA met its burden at this step, and rightfully proceeded to examine the third step, which involves determining whether the plaintiff has demonstrated "that the employer's proffered nondiscriminatory reason," in this case the accident, "was not the true reason for the employment decision, but rather a pretext for discrimination." *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 815 (6th Cir. 2011). The Magistrate Judge found that Broady's only argument on this point were her "repeated contentions that she was not responsible for the collision," but that these contentions were unsupported and even contradicted by the record and Broady's own "various contradictory contentions" regarding the accident. (ECF No. 108, 22.) Upon review of the record and briefings, the Court agrees. Broady repeatedly returns to the idea that she was not responsible for the accident, but fails to support this claim with any evidence in the record. The video and all other evidence in the record demonstrates that MATA's determination that she was responsible for the accident was well-supported and not merely pretext for discrimination. Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation on this point and would **GRANT** MATA's motion for summary judgment on these points as well.

The Magistrate Judge then noted that all of the above arguments applied to Broady's claims against MTM as well, as "the Court's recommendations herein would be the same whether the correct employer/defendant were MATA or MTM." (ECF No. 108, 23-24.) Finding no error on this point, and noting that the merits-based discussion above would apply to whoever Broady's actual employer is, the Court **ADOPTS** this recommendation as well. MTM's Motion for Summary Judgment is thus **GRANTED**.

Finally, the Magistrate Judge briefly addressed claims of harassment and retaliation that Broady raised in her briefing regarding these motions and her Amended Complaint, respectively. Regarding the harassment claim, the Magistrate Judge found that Broady had not raised this claim

before the EEOC, meaning that she had failed to exhaust her administrative remedies for it. (ECF No. 108, 24) (citing *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010)). Broady's EEOC Charge reflects that she did not raise a harassment claim, and thus this recommendation is **ADOPTED** and the harassment claim **DISMISSED**. Regarding the Title VII retaliation claim, Broady's Amended Complaint does state that she brings a Title VII retaliation claim, but the Magistrate Judge found that the complaint "does not identify any alleged protected activity for which she suffered retaliation," and that it too was not brought before the EEOC. (ECF No. 108, 24-25.) A review of the EEOC Charge and Amended Complaint demonstrates that these findings are correct. Accordingly, the Court **ADOPTS** this recommendation and **DISMISSES** the retaliation claim as well.

## IV.    CONCLUSION

Upon a *de novo* review of the Court, and finding no clear error, the Magistrate Judge's recommendations are hereby **ADOPTED IN FULL**. Davidson's Motion to Dismiss, MATA's Motion for Summary Judgment, and MTM's Motion for Summary Judgment are all hereby **GRANTED**.

**IT IS SO ORDERED** this 10th day of August, 2023.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge
